**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No.  11-cv-02832-CMA-BNB

EMS USA, INC.,

    Plaintiff,

v.

INTEGRITY SPECIALISTS LLC, and
THOMAS R. RIPPER, an individual,

    Defendants.

---

**STIPULATED TEMPORARY RESTRAINING ORDER AND
ORDER FOR LIMITED EXPEDITED DISCOVERY**

---

This matter is before the Court on the Joint Motion for Order Vacating Preliminary Injunction Hearing, for Entry of Stipulated Temporary Restraining Order and Order for Limited Expedited Discovery (Doc. # 8), filed by Plaintiff EMS USA, Inc. ("EMS") and Defendant Integrity Specialists LLC ("Integrity").  The Court, having considered the same, the Complaint, Plaintiff's Motion for Temporary Restraining Order (Doc. #2), and the exhibits filed therewith, FINDS AS FOLLOWS:

    1.    EMS's Motion for Temporary Restraining Order sets forth the elements and facts in support of a TRO.

    2.    In the interest of avoiding the expense and uncertainty of contesting EMS's Motion for a TRO – but without admitting the validity of and without prejudice as to its right to challenge the facts and claims asserted by EMS, or to present its own facts and claims, and

defenses (including without limitation the defense that claims are subject to arbitration) – Integrity stipulates to the entry of this Order for Temporary Restraining Order and for Limited Expedited Discovery.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

3. The preliminary injunction hearing set for November 3, 2011 at 9:00 AM is hereby VACATED.

4. Defendant Integrity (and its owners, agents, and employees):

a. Shall not solicit EMS employees in violation of the Contractor Agreement; and shall notify EMS if it hires an EMS employee;

b. Shall not directly or indirectly solicit the business of or contact EMS customers about whom Integrity or its employee Defendant Thomas R. Ripper ("Ripper") learned, respectively, as subcontractor and employee of EMS. To provide clarity regarding such restrictions, following the entry of a stipulated protective order, satisfactory to EMS, EMS's counsel will provide Integrity's counsel with a list of the 9 customers EMS believes to fit within the restrictions, which customer list shall be designated "Attorney's Eyes Only" and not shared with Integrity. Should Integrity seek to expand its business beyond the 5 customers it is presently working with, as disclosed to EMS's counsel on November 2, 2011, Integrity will first notify its own counsel of any additional proposed customer and will not proceed with that customer if its counsel informs it that the customer is on the list provided by EMS, provided that Integrity cannot show such customer was a customer of Integrity before May 1, 2011;

    c. Shall adhere to its contractual confidentiality promises to EMS in its Contractor Agreement, not to otherwise disclose or use any EMS confidential information or trade secrets, and abide by the other executory provisions in its Contractor Agreement; and

    d. Shall direct its employee, Defendant Ripper, not to violate his confidentiality agreement with EMS.

  5. This stipulated temporary restraining order shall continue for a period of 45 days or such earlier date as this Court or an arbitrator with jurisdiction enters an order vacating or superseding this Order.

  6. The parties shall be entitled to conduct expedited discovery in advance of the ordinary start of discovery provided by Fed. R. Civ. P. 26 for purposes of preparation for any preliminary injunction or interim relief hearing. Each party may propound five (5) requests for production, five (5) interrogatories, and take three (3) depositions. Written discovery responses shall be expedited, with documents produced and interrogatory responses propounded within 10 calendar days after service of the requests. As it is expected that discovery in this case will seek confidential and proprietary information, the parties shall file with the Court, for the Court's signature, a stipulated protective order within seven (7) calendar days from the date of this Order.

  7. Following the entry of the stipulated protective order, satisfactory to Integrity, Defendant Integrity shall make available to EMS's computer expert all computers and electronic accounts with which it conducts business or has communicated with EMS employees or customers or with Ripper, for a forensic exam and search for relevant documents. EMS's

expert will be permitted to create a duplicate copy of each such device's hard drive at the location of Defendants' choice, and then search the duplicate copy for relevant documents. The parties shall work together to reach a stipulated procedure that allows Integrity a reasonable window (*i.e.*, five (5) business days) to review, lodge any objections to the production of, and/or designate certain responsive documents as confidential or attorneys' eyes only before they are disclosed to EMS. If Integrity believes that certain documents are privileged or otherwise should not be produced at all, they may designate them as such, with a privilege log, and they shall not be disclosed to EMS, until further order of this Court. The computer expert may not disclose the copies of the hard drives or the documents culled from the search except pursuant to this Order or the stipulation of the parties.

DATED: November __03__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge