**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02832-CMA-BNB

EMS USA, INC.,

    Plaintiff,

v.

INTEGRITY SPECIALISTS LLC,
and THOMAS R. RIPPER, an individual

    Defendants.

**STIPULATED PROTECTIVE ORDER**

~~IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff EMS USA, Inc. ("EMS"), and Defendant Integrity Specialists LLC ("Integrity"), as evidenced by the signatures below, and~~

Upon consideration of the parties' stipulation for the entry of a protective order to protect the discovery and dissemination of certain information and documents to be disclosed by the parties, which one or more of the parties claims constitutes confidential business information, and it appearing to the Court that good cause exists to support the issuance of a Protective Order, IT IS ORDERED that:

    1.    Any party who, in the above-captioned lawsuit (the "Lawsuit"), produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "discovery materials") may designate such discovery materials as "CONFIDENTIAL" when, in the good faith judgment of the party making the disclosure, they contain competitively sensitive information, the disclosure of which would be detrimental to that party. "Discovery materials" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2. Any party may designate as "ATTORNEYS' EYES ONLY" information that it deems so competitively sensitive that the information would cause irreparable harm if it was learned by its competitors.

3. The designation of discovery materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be effected by visibly marking them "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." To the extent that it would be impractical to visibly mark discovery materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (*e.g.*, when producing materials in electronic form), discovery materials may also be so designated in contemporaneous correspondence. The inadvertent disclosure in connection with this Lawsuit of one or more documents that the producing party believes to contain or reflect confidential, proprietary, and/or trade secret information, shall not constitute a waiver with respect to such discovery materials. In the event of such an inadvertent disclosure of confidential discovery materials, the producing party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed materials be treated as CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" consistent with the terms of this Protective Order. A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

4. No discovery materials marked or designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this Lawsuit. No discovery materials that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be

disclosed by the recipient of such information to anyone other than those persons designated below in paragraphs 5 and 6, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court.

5.      Discovery materials designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons and may not be disclosed to a party except as specified below:

(a)     Counsel who have appeared of record for any party in this case and partners and/or shareholders of such counsel, and their associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this Lawsuit;

(b)     Experts retained by the parties or counsel, but who are not otherwise regularly employed by or affiliated with the parties or with a competitor of the parties, and any such expert's regularly employed assistants, clerical staff and secretaries who are engaged in assisting such expert with respect to this Lawsuit;

(c)     Any person whom the parties agree, in advance and in writing, may receive such discovery materials;

(d)     The Court, its officers and its employees in connection with this Lawsuit only (subject to the requirement for filing the designated documents under seal as set forth below in paragraph 13).

6.      Discovery materials designated as "CONFIDENTIAL" may be disclosed to any of the persons identified above in paragraph 5 and may also be disclosed to any of the parties to this Lawsuit and their agents and employees involved with this Lawsuit.

7.      No person authorized under paragraphs 5(b), 5(c) or 6 of this Protective Order to receive access to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order.  The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials.  Further, each recipient of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this Lawsuit and solely for the purposes of this Lawsuit.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Stipulated Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      If a portion of any hearing, the trial or a deposition in this matter involves the disclosure of ATTORNEYS' EYES ONLY information, the parties agree that any witnesses to whom such information may not be disclosed shall be excused from the hearing while such information is being disclosed.

10. This Protective Order does not prohibit a party from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (unless such sources owe an obligation of confidentiality to the party asserting that the discovery materials are confidential).

11. **A party may object to the designation of particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY .**

~~Any party receiving any discovery materials that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the validity of the designation. The discovery materials which are the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status pending the Court's decision on the motion. In all motions to modify a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.~~

12. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this Lawsuit and the proposed recipients of discovery materials are informed of the terms of this Protective Order and their obligations under it.

13. **Any request to file materials under seal must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Any discovery materials designated under this Protective Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are filed with the Court for any purpose shall be filed under seal in accordance with the Court's procedures for same. To the extent practicable, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.~~

14. Defendant Integrity will make available to an independent computer expert retained by Plaintiff all computers and electronic email accounts with which Integrity conducts business or has communicated with EMS employees or customers or with Defendant Thomas R. Ripper ("Ripper"), for a forensic examination and search for relevant documents as follows. The computer expert will be permitted, at the location of Integrity's choice, to create a forensic image of the hard drive(s) or other pertinent data store or electronic file(s). All imaging of Integrity's computers and electronic accounts by the computer expert may be monitored by Integrity. The expert may then search the forensic image for information and electronic files and documents related to communications with, or otherwise regarding, EMS employees or customers or Ripper. All such electronic files and documents shall initially be designated as ATTORNEYS' EYES ONLY. After review of the electronic files and documents initially produced, Plaintiff's counsel shall designate to Integrity's counsel in writing those documents they contend are relevant to this case. Integrity shall have five days after such communication to designate each document as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In no instance will the computer expert be allowed to view, or to produce to EMS or its counsel, Integrity's attorney-client privileged communications or attorney work product. If Integrity believes that certain documents are privileged or otherwise should not be produced at all, its counsel may designate them as such, with a privilege log, and they shall not be disclosed until further order of the Court. Aside from the procedure described above, the computer expert may not open Integrity's own electronic files, or otherwise divulge Integrity's information, which is hereby stipulated to be confidential and proprietary to Integrity, and subject to this Order. Further, the forensic expert may not disclose the copies of the hard drives or the documents culled from the search

~~except pursuant to this Order or further stipulation of the parties. Further, the parties agree that Integrity shall not be deemed to have waived its attorney-client privilege or attorney work product protection by any inadvertent disclosure of any attorney-client privileged information in connection the forensic search. Further, EMS and its computer expert shall be under an affirmative duty not to review electronic files that are to, from, or copied to any of Integrity's attorneys, including any of the following law firms or attorneys: Patrick Groom, Tim Bryntenson, Cheryl Lee Van Ackern, the law firm of Witwer, Oldenburg, Barry & Johnson, LLP, the law firm of Bedingfield LLC or the law firm of Wolfe, Van Ackern & Cuypers, LLP. Any such privileged or work product information that EMS's computer expert discovers shall not be further reviewed or retained, but shall be immediately returned to Integrity's counsel for confirmation that they are indeed protected by a privilege or work product.~~

16. This Protective Order shall not be deemed to prejudice in any way the rights of any party to insist on, and/or apply to the Court for, any additional protection with respect to the confidentiality of information as that party may consider appropriate.

17. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this Lawsuit.

18. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be

8

556897

construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

19. Neither this Protective Order nor a party's designation of particular discovery materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

20. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

21. Within 75 days after final termination of this Lawsuit, including all appeals, any recipient of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials under paragraphs 5(b)-(c) or 6 of this Protective Order shall deliver all such materials, including all copies thereof and all documents incorporating or referring to such information, to counsel for the person which disclosed the materials to the recipient, unless the parties otherwise agree in writing. Counsel of record need not destroy or return "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials incorporated in work product or files retained solely by counsel.

22. This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties hereto. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this Lawsuit. Nothing in this Protective Order shall limit or preclude any

party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

23. ~~If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL"/"ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party shall give written notice, by overnight mail and facsimile transmission, within two business days of receipt of such subpoena, request for production, or other legal process, to the undersigned counsel for the party producing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. To the extent permitted by applicable law, the Receiving Party shall not produce any of the producing party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials for a period of at least fourteen days after providing the required notice to the producing party. If, within fourteen days of receiving such notice, the producing party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party shall not thereafter produce such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the Third-Party requesting production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any~~

556897

~~such order requiring production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.~~

~~24. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had already been entered as an order by the Court.~~

Dated November 15, 2011.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge

556897