**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02832-CMA-BNB

EMS USA, INC.,

    Plaintiff,

v.

INTEGRITY SPECIALISTS LLC, and
THOMAS R. RIPPER, an individual,

    Defendants.

## ORDER AND STIPULATED JUDGMENT FOR PERMANENT INJUNCTION

Upon the Joint Motion for Entry of Stipulated Judgment (Doc. # 38), filed by Plaintiff EMS USA, Inc. ("EMS") and Defendants Integrity Specialists LLC ("Integrity") and Thomas R. Ripper ("Ripper") (collectively, "Defendants"), the Court, having considered same and the pleadings filed in this case, the Court hereby GRANTS the motion and

FINDS AS FOLLOWS:

1.     EMS and Integrity are competitors in providing certain non-destructive testing services to customers in the oil and gas industry. Integrity used to be a subcontractor to EMS, starting in June 2011, pursuant to a certain Contractor Agreement (the "Contractor Agreement"). EMS employed Mr. Ripper, as a non-destructive testing technician, beginning in approximately June 2011. As a condition of his employment with EMS, Mr. Ripper signed a certain EMS Confidentiality and Intellectual Property Rights Assignment Agreement (the "Confidentiality Agreement"). On or about October 14, 2011, Ripper resigned to work for Integrity in the same capacity in which he had previously been employed by EMS.

2.     On October 31, 2011, EMS filed the above-captioned lawsuit against Integrity and Ripper, alleging that Integrity improperly solicited Ripper for hire, that Integrity and Ripper improperly solicited other EMS employees for hire by Integrity, that Integrity and Ripper improperly solicited one or more EMS customers, alone or in conspiracy with each another, using EMS trade secrets and confidential information (as defined in their respective agreements with EMS). EMS asserted claims that Integrity and Ripper breached their respective agreements with EMS, tortiously interfered with EMS's contractual relationships, misappropriated EMS trade secrets in violation of the Colorado Uniform Trade Secrets Act, engaged in a civil conspiracy, and that Mr. Ripper breached his duty of loyalty to EMS.

3.     On November 3, 2011, upon the joint motion of EMS and Integrity, the Court entered a Stipulated Temporary Restraining Order and Order for Limited Expedited Discovery (Doc. # 9). In addition, the Court entered a Stipulated Protective Order (Doc. # 17), and an Amended Protective Order (Doc. # 28) (the "Protective Order") (both upon the joint motions of EMS and Integrity).

4.     EMS's Complaint (Doc. # 1) and Motion for Temporary Restraining Order (Doc. # 2) sets forth the elements and facts in support of permanent injunctive relief to prevent claimed irreparable harm to EMS that would result from disruption of its customer relationships and employee relationships and misappropriation of its claimed trade secrets and misuse of its claimed confidential information.

5.     In the interest of avoiding the expense and uncertainty of contesting EMS's claims – but without admitting the liability for same – Integrity and Ripper each stipulate to the entry of this judgment for permanent injunctive relief.

IT IS THEREFORE ORDERED that JUDGMENT shall ENTER as follows:

## **INJUNCTION**

1. For an 18-month period, which began November 3, 2011 (the "Restricted Period"), Defendant Integrity (and its owners, agents, employees, and successors, if any):

   A. Shall not solicit any EMS employees in violation of the Contractor Agreement; and shall notify EMS if it hires an EMS employee;

   B. Shall not directly or indirectly solicit the business of or contact EMS customers about whom Integrity or Ripper learned, respectively, as subcontractor and employee of EMS. To provide clarity regarding such restrictions, such customers include the list of nine customers provided by EMS's counsel to Integrity's counsel on or about November 3, 2011 (the "Customers"); provided, however, that the Restricted Period shall be only through and including November 2, 2012, with respect to the Western Slope Customer referenced in the Complaint;

   C. Shall adhere to its contractual confidentiality promises to EMS in its Contractor Agreement not to otherwise disclose or use any EMS confidential information or trade secrets, and abide by the other executory provisions in its Contractor Agreement; and

2. For the Restricted Period, Defendant Ripper:

   A. Shall not directly or indirectly solicit the business of or contact the Customers referenced above in paragraph 1.B. The shortened restricted period shall also apply to Ripper with respect to the Western Slope Customer; and

   B. Shall adhere to his contractual confidentiality promises to EMS in his Confidentiality Agreement not to otherwise disclose or use any EMS confidential information or trade secrets, and abide by the other executory provisions in his Confidentiality Agreement; and

3. The Court shall award reasonable attorney fees to the prevailing party in any action arising out of a claimed violation of this Injunction; and

4. The Clerk of the Court shall enter final judgment in accordance with this Order and Stipulated Judgment for Permanent Injunction, with each party to bear his or its own costs and fees incurred to date.

SO ORDERED this __21st__ day of December, 2011.

BY THE COURT:

_Christine M Arguello_

CHRISTINE M. ARGUELLO
United States District Court Judge

And stipulated to by the parties this 16th day of December, 2011.

| | |
|---|---|
| /s/ Patrick M. Groom | /s/ Sven Collins |
| Patrick M. Groom | Sven Collins |
| Witwer, Oldenburg, Barry & Johnson, LLP | Patton Boggs LLP |
| 822 7th St., Ste. 760 | 1801 California Street, Suite 4900 |
| Greeley, CO 80631 | Denver, CO 80202 |
| Phone: (970) 352-3161 | Phone: (303) 830-1776 |
| Email: pgroom@wobjlaw.com | Fax: (303) 894-9239 |
| | E-mail: Scollins@pattonboggs.com |
| | |
| **COUNSEL FOR DEFENDANT** | **COUNSEL FOR PLAINTIFF** |